IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL T. PINES,<br><br>                    Plaintiff,<br><br><br>vs.<br><br><br>EMC MORTGAGE CORP., et al.,<br>                    Defendants. | ORDER and MEMORANDUM DECISION<br><br><br>Case No. 2:08-CV-137 TC |

In this case, the Plaintiff, Michael Pines, has sued EMC Mortgage Corporation ("EMC") and others in relation to events stemming from Mr. Pines' purchase, financing and sale of four properties in Utah.  As a general overview, Mr. Pines alleges that EMC mishandled the payment and pay-offs of his properties and Mr. Pines tried to amicably correct EMC's mistakes.  Mr. Pines contends EMC's errors multiplied over time, culminating in EMC making false derogatory credit reports about him and causing a threatened foreclose on one of his properties.  Mr. Pines faults Experian Information Solutions, Equifax Information Services and Trans Union LLC (collectively referred to herein as the "Credit Reporting Agencies" unless otherwise noted) for publishing those allegedly false reports.  Mr. Pines further complains that Cal-Western Reconveyance Corporation and James Woodall (together "Cal-Western"), acting on the basis of bad information from EMC, engaged in wrongful  foreclosure and collection efforts against Mr. Pines on one of his properties.

Mr. Pines' complaint, filed on February 21, 2008, alleges twenty causes of action against

the Credit Reporting Agencies, EMC and Cal-Western.  Against the Credit Reporting Agencies,

Mr. Pines asserts violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Action (the

"FCRA"), negligence, defamation, and injunctive relief.  Mr. Pines' claims against EMC consist

of a violation of the FCRA, defamation, negligent misrepresentation, violations of various Utah

statutes, breach of the duty of good faith and fair dealing, intentional interference with economic

relations, violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the

"FDCPA"), estoppel and breach of contract.  Mr. Pines asserts claims of defamation, violations

of the FDCPA, breach of the duty of good faith and fair dealing, and intentional interference with

economic relations against Cal-Western.

     Mr. Pines also filed an action in state court in January 2007.  In that action, EMC and

Cal-Western, along with other parties not named here, are named as defendants.  The state court

case involves many of the same factual allegations and causes of action as those involved here.

     This matter comes before the court on the following motions: Mr. Pines' Motion for

Partial Summary Judgment (Dkt. No. 3); EMC's Motion to Dismiss (Dkt. No. 24); Cal-

Western's Motion for Abstention from Exercising Jurisdiction (Dkt. No. 28); Cal-Western's

Request for Judicial Notice (Dkt. No. 30); Cal-Western's Motion to Strike Plaintiff's Motion for

Partial Summary Judgment (Dkt. No. 34); Trans Union LLC's Motion for Partial Dismissal (Dkt.

No. 51)[1]; EMC's Motion for Denial or Continuance Pursuant to Rule 56(f) (Dkt. No. 56); Mr.

Pines' Request for Judicial Notice (Dkt. No. 68); and EMC's Motion to Strike Plaintiff's Reply

and Amended Declaration of Michael Pines (Dkt. No. 79).  The court will address these motions

below.

---

     [1]As Mr. Pines has stipulated that Trans Union LLC is no longer a defendant in this matter
(see Dkt. No. 84), Trans Union's motion to dismiss is DENIED as moot.

**ANALYSIS**

I.      **Motions for Abstention**

        The court first addresses EMC and Cal-Western motions for the court to abstain in this action in favor of the state case Mr. Pines filed against them in Utah state court.  If the court decides to abstain the instant action, it need not reach the other outstanding motions.  For the reasons below, the court finds that abstention is not appropriate in this case.

        EMC and Cal-Western seek abstention under either <u>Younger v. Harris</u>, 401 U.S. 37 (1971) or <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976).  One of the essential elements to abstain under <u>Younger</u> is whether "the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."  <u>Crown Point I, LLC v. Intermountain Rural Elec. Ass'n.</u>, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation omitted).  The <u>Colorado River</u> doctrine allows courts to abstain in favor of a "parallel" state court action in exceptional circumstances.  <u>See</u> <u>Fox v. Maulding</u>, 16 F.3d 1079,1081 (10th Cir. 1994).  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  <u>Id.</u> (citation omitted).

        Here, the court is unconvinced that the state court proceeding either implicates an important state interest or is parallel to this one.  During the hearing on this matter, Mr. Pines informed the court that he has sold each of the properties at issue and sought dismissal of all of his claims in the state court action.  EMC conceded at the hearing that the only claim likely to survive in state court is EMC's counterclaim for foreclosure.  But because the subject property has been sold, the only issue left for the state court will be to decide whether EMC is entitled to attorney's fees and costs on that counterclaim.

3

Cal-Western maintains in its brief that the state case involves a foreclosure on real property, the resolution of which is an important state interest.  At this point, however, the state court will not have to decide whether to foreclose on a property, but whether to award attorney's fees costs on a foreclosure counterclaim.  This issue does not affect the title of the property or otherwise involve any question about its ownership.  The state interest required by <u>Younger</u> is therefore lacking here.

Looking to whether the state and federal actions are parallel, the court finds that they are not.  EMC argued at the hearing that to decide whether to award attorney's fees and costs, the state court must rule on whether the foreclosure was meritorious.  EMC then reasoned that because the validity of the foreclosure is the linchpin of all of Mr. Pines' claims here, the actions are still parallel despite Mr. Pines' dismissal of all of his claims in the state action.

EMC's argument makes sense, but does not prevail.  First, it is unclear that the state court will have to make a binding decision about each disputed aspect of the foreclosure to decide the question of whether to award fees and costs.  Moreover, while the propriety of EMC's foreclosure will undoubtedly be an important issue in this action, it is far from the only question that will have to be addressed to resolve the twenty state and federal claims faced by the five defendants here.  Consequently, while there is some obvious overlap between the actions, they do not appear to involve substantially the same issues.

Because essential elements of the <u>Younger</u> and <u>Colorado River</u> doctrines are not met here, the court will not abstain.  Accordingly, the parties' other motions are addressed below.

## II.     Mr. Pines' Motion for Summary Judgment

Mr. Pines concedes that he filed his motion for summary judgment well before the he was allowed to do so by Rule 56(a)(1) of the Federal Rules of Civil Procedure.  The court will grant

EMC and Cal-Western's requests to strike or deny Mr. Pines' motion for summary judgment on that basis, but will do so without prejudice.  This ruling moots several outstanding motions by the parties relating to summary judgment.

The court notes that summary judgment is rarely appropriate before discovery is complete and all parties have complied with their disclosure and discovery duties.  The importance of deciding summary judgment on as complete a record as possible is underscored by Rule 56(f), which allows a party to request that discovery be reopened to oppose such a motion.  While the court understands Mr. Pines' eagerness to resolve this matter, he would be well advised to keep this note in mind going forward.

### III.   EMC's Motion to Dismiss

EMC's first proposed grounds for dismissal is that Mr. Pines' summons to EMC stated that EMC had twenty days to answer, while the Utah rules, incorporated by reference in the federal rules, allow for thirty days.  But EMC has not shown any prejudice from this technical error, and the court will not dismiss on this basis.  See e.g., Anzen Bio LLC v. Alderon Biosciences, Inc., Case No. 2:05-CV-570 DS, 2005 WL 2978320, *3 (D. Utah Nov. 7, 2005). The court finds that Mr. Pines' service on EMC was sufficient here.

Second, EMC asserts that Mr. Pines' FDCPA and FCRA claims against EMC should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  When evaluating a Rule 12(b)(6) motion, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations.  Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  Conclusory allegations are allegations that "do not allege the factual basis" for the claim.  Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir.

1995).  See also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations

without supporting factual averments are insufficient to state a claim on which relief can be

based") (emphasis added).  The court is not bound by a complaint's legal conclusions, deductions

and opinions couched as facts.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65

(2007).  And although all reasonable inferences must be drawn in the non-moving party's favor,

Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough

facts to state a claim to relief that is plausible on its face."  Twombly, 127 S. Ct. at 1969, quoted

in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Turning to Mr. Pines' claim under the FDCPA (Count 14 of the Complaint), EMC argues

that Mr. Pines has not stated a claim against EMC because EMC is not a "debt collector" as

defined by the Act.  That is, the complaint indicates that Mr. Pines' loans were not in default

when EMC purchased them.  But creditors trying to collect on debts that went into default after

they purchased the debts are not "debt collectors" under the FDCPA.  See, e.g., Bailey v.

Security Nat'l Servicing Corp., 154 F.3d 384, 387 (7th Cir. 1998) ("The plain language of §

1692a(6)(F) tells us that an individual is not a "debt collector" subject to the [FDCPA] if the debt

he seeks to collect was not in default at the time he purchased (or otherwise obtained) it.")

In response, Mr. Pines does not point to any allegations in his complaint supporting the

conclusion that EMC meets the definition of "debt collector."  Most significantly, Mr. Pines does

not refer to any allegations that could be read to infer that his loans were in default when EMC

purchased them.  Relatedly, Mr. Pines correctly states that one court has carved out an exception,

ruling that a mortgage company that mistakenly purchases a loan thinking it is in default and

immediately begins collection efforts may be held liable as a "debt collector" (see Scholsser v.

Fairbanks Capital Corp., 323 F. 3d 534, 539 (7th Cir. 2003)).  But Mr. Pines fails to show which

allegations in his complaint could establish that this exception applies here.

After a careful reading, the court finds that the complaint cannot plausibly be read to establish that EMC purchased Mr. Pines' loans while they were in default.  In fact, at least one allegation appears to state just the opposite.  See Compl. ¶ 35 ("By letter dated June 28, 2006, Plaintiff informed EMC of the apparent mistakes related to the misapplication of payments on the other Loans of Plaintiff that were being serviced by EMC.") (emphasis added).  As the complaint does not support a finding that EMC was a "debt collector" as defined by the FDCPA, dismissal of Mr. Pines' FDCPA claim against EMC is appropriate.[2]

In support of dismissing Mr. Pines' FCRA claim, EMC first maintains that a private right of action does not exist under 15 U.S.C. § 1681s-2(b).  But this position has been rejected by "[v]irtually all courts considering this issue."  Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 783 (W.D. Ky. 2003) (collecting cases).  After a review of the reasoning of the cases on this issue, the court agrees with the majority rule that a private right of action does exist.

Next, EMC asserts that the complaint does not specifically allege that the Credit Reporting Agencies informed EMC of Mr. Pines' dispute.  But the complaint can be read to support such a conclusion.  (See, e.g., Compl. ¶ 79 (alleging that EMC "fail[ed] to fully and properly investigate Plaintiff's dispute of the EMC representation . . .").)  Accordingly, Mr. Pines has stated a claim under the FCRA against EMC.

## ORDER

For the above stated reasons, the court orders as follows:

---

[2] Mr. Pines seems to suggest that he can amend his complaint to successfully allege that EMC was a "debt collector."  But the court questions whether such an attempt would be futile in the face of sworn statements by Mr. Pines in support of his motion for summary judgment that strongly suggest that EMC purchased the loans to service them, not to collect on them.

- Mr. Pines' Motion for Partial Summary Judgment (Dkt. No. 3) is DENIED without prejudice;

- EMC's Motion to Dismiss (Dkt. No. 24) is DENIED to the extent it is premised on abstention, GRANTED with respect to FDCPA claim (Count 14 of the Complaint) and DENIED with respect to the FCRA claim;

- Cal-Western's Motion for Abstention (Dkt. No. 28) is DENIED;

- Cal-Western's Motion for Judicial Notice (Dkt. No. 30) is DENIED as moot;

- Cal-Western's Motion to Strike Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 34) is GRANTED;

- Trans Union's Motion for Partial Dismissal (Dkt. No. 51) is DENIED as moot;

- EMC's Motion for Denial or Continuance Pursuant to Rule 56(f) (Dkt. No. 56) is DENIED as moot;

- Mr. Pines' Request for Judicial Notice (Dkt. No. 68) is DENIED as moot; and

- EMC's Motion to Strike Plaintiff's Reply and Amended Declaration of Michael Pines (Dkt. No. 79) is DENIED as moot.

SO ORDERED this 21st day of July, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief District Judge