IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL T. PINES, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>EMC MORTGAGE CORP., et al.,<br><br>　　　　　Defendants. | ORDER and MEMORANDUM DECISION<br><br>Case No. 2:08-CV-137 TC |

　　　　This matter comes before the court on Plaintiff Michael T. Pines' Application for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 104). For the reasons discussed below, Mr. Pines' motion is DENIED to the extent he seeks a temporary restraining order. To the extent he seeks a preliminary injunction, his motion will be considered in due course.

　　　　A party seeking a temporary restraining order or preliminary injunction must meet four conditions: (1) irreparable harm if the injunction is not granted; (2) a substantial likelihood that he will prevail on the merits; (3) that the threatened injury to the party outweighs possible harm to the adverse parties and (4) that the injunction would not be contrary to the public interest. See Thomas v. Carson, 30 Fed. Appx. 770, 772 (10th Cir. 2002). If "a party seeking a preliminary injunction satisfies the [other] three requirements, the standard for meeting the. . . 'probability of success' prerequisite becomes more lenient." Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1199 (10th Cir. 1992). To obtain a temporary restraining order without giving the adverse

parties an opportunity to respond, a movant must clearly show that the harm to him would be immediate.  See Fed. R. Civ. P. 65(b)(1)(A).

Mr. Pines has not shown that he will suffer any immediate injury if he is not granted the injunctive relief he proposes.  The only recent action the Defendants appear to have taken against Mr. Pines is obtaining a partial summary judgment against him in the state court action.  To the extent that Mr. Pines seeks to enjoin Defendants from enforcing the state court's order, this court has no power to do so.  See Calvert v. Safranek, 209 Fed. Appx. 816, 819 (10th Cir. 2006) (refusing to enjoin enforcement of a state court order, reasoning that because "we have no power to review the order itself, we have no power to frustrate its enforcement.").  Apart from the probability that the Defendants may soon attempt to enforce the state court's judgment (assuming that there is some remedy to enforce), Mr. Pines has not demonstrated that Defendants are likely to take any immediate actions against him that may be to his detriment.

Moreover, Mr. Pines has not shown that he is substantially likely to succeed on the merits of his claims.  The memorandum and exhibits accompanying Mr. Pines' untimely-filed motion for partial summary judgment strike the court as providing an incomplete story of the underlying events here.  As the court noted in its order denying Mr. Pines' motion for summary judgment, it is difficult to assess the validity of his claims without a fully developed record.  Though Mr. Pines may prevail on his claims, he has not made a showing that this outcome is substantially likely at this point.

The other two injunction factors presently appear neutral here.  As to balancing the harms, because it does not seem that the Defendants intend to take any immediate enjoinable actions against Mr. Pines, the proposed injunction is unlikely to harm them.  For the same reason, however, the injunction has no apparent benefit to Mr. Pines.  Further, the public may be

served by an injunction instructing Defendants to follow the law in any future interactions with Mr. Pines. But given that there is no indication that the Defendants plan to have any further dealings with Mr. Pines outside the courtroom, it would also not appear to harm the public if the court denies the injunction.

In sum, Mr. Pines has not shown that he will be immediately injured if his proposed temporary restraining order does not issue now. Nor has he shown a substantial likelihood of success on the merits of his claims. His motion for a temporary restraining order is accordingly DENIED.

The court will reserve judgment on Mr. Pines' motion for a preliminary injunction until the Defendants have been given an opportunity to respond and the parties are heard on that motion. The parties should therefore follow the normal briefing procedures regarding Mr. Pines' motion for a preliminary injunction and the court will hear and consider that motion in due course.

SO ORDERED this 7th day of November, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief District Judge