IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL T. PINES,<br><br>        Plaintiff,<br><br>vs.<br><br>EMC MORTGAGE CORP., et al.,<br><br>        Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:08-CV-137 TC |

This matter comes before the court on Plaintiff Michael T. Pines' Motion for Preliminary Injunction (Dkt. No. 109), Motion for Leave to File Proposed Supplemental Complaint (Dt. No. 124), and Motion for Sanctions under Rule 11 (Dkt. No. 152). For the reasons discussed below, Mr. Pines' motions are DENIED.

## BACKGROUND

Mr. Pines brought this action against EMC Mortgage Corporation ("EMC") and others for allegedly misrepresenting his credit information in violation of federal statute and common law. These allegations arose out of Mr Pines' purchase, financing, and sale of four properties in Utah. In addition to the case before this court, Mr. Pines also filed an action in state court in January of 2007 to stop foreclosure proceedings on one of his properties. Pines v. EMC Mortgage Corp., et al., No. 070400309 (4th Dist. Ct. Utah filed Jan. 25, 2007) (hereinafter the "state court action"). EMC and Cal-Western are also defendants in that suit. The parties

stipulated to a preliminary injunction in the state court case in which the defendants were enjoined from proceeding with any collections. Mr. Pines has sought voluntarily dismissal of his state court suit, which was opposed by the defendants. In addition, defendant EMC filed a counterclaim in the state action.

Mr. Pines petitioned this court for a temporary restraining order (TRO) and preliminary injunction (Dkt. No. 109). The motion for a TRO was denied, but the court reserved judgment on the motion for a preliminary injunction (Dkt. No. 111).

## ANALYSIS

### I. Preliminary Injunction

To obtain a preliminary injunction, the movant must show: "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." General Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007). In general, "a preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." Id. (quotation omitted).

In his motion Mr. Pines asks this court to grant an injunction restraining and enjoining the Defendants from making misrepresentations regarding the amounts due on any loan made to Mr. Pines, from assessing or collecting any fee not permitted by law and not permitted in the loan agreement, and harassing the holder of any loan that was in default at the time it was obtained by the defendants. The order requested by Mr. Pines appears to be nearly identical to a stipulated final judgment and order issued in United States District Court for the Eastern District of Texas

in an unrelated case brought by the Federal Trade Commission (FTC) against defendants that include EMC (the "Texas Order").

In its order denying Mr. Pines' motion for a TRO, this court explained that Mr. Pines had shown neither a threat of irreparable harm nor a substantial likelihood of success on the merits. (Dkt. No. 111) Nothing in the briefing before the court changes that assessment. Mr. Pines only argues that he will be harmed if "the Defendants continue to attempt to collect loans that have been paid in full." (Pl.'s Mem. in Supp. of TRO/PI at 4) That collection, however, would only be pursuant to an order in the state court action. This court has no power to either review a state court judgment or prevent the enforcement of a state court judgment. See Kiowa Indian Tribe v. Hoover, 150 F.3d 1163, 1169 (10th Cir.1998) ("[A] federal district court cannot review matters actually decided by a state court nor can it issue any declaratory relief that is 'inextricably intertwined' with the state court judgment." (citation and quotation omitted)). Mr. Pines has presented no evidence of any collection efforts by the Defendants not connected with the ongoing litigation in the state court action. Mr. Pines has therefore failed to meet his burden of showing irreparable harm that will stem from the denial of his motion.

In addition, Mr. Pines has failed to show a likelihood of success on the merits. As the court explained in its order "[t]he memorandum and exhibits accompanying Mr. Pines' untimely-filed motion for partial summary judgment strike the court as providing an incomplete story of the underlying events here." (Dkt. No. 111 at 2) The court concluded Mr. Pines had not shown a substantial likelihood of success on the merits. Mr. Pines has provided the court with no argument in his memorandum as to why this conclusion was in error. Neither has he supplemented his exhibits pertinent to this question. As a result, the original conclusion of the

court stands.

Furthermore, as explained in the court's previous order, Mr. Pines had not shown the threatened injury outweighs the possible harm to the defendants or that the injunction is not contrary to public interests. At best, these prongs of the preliminary injunction test are neutral.

As a result, Mr. Pines has not carried his burden and the motion for a preliminary injunction is DENIED.

## II. Amended/Supplemental Complaint

Mr. Pines further moves this court to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d). He seeks to add a claim for injunctive relief requesting enforcement of the Texas Order in this court relating to EMC's attempts to obtain a judgment in state court. "As a general matter, the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." Fowler v. Hodge, 94 F. App'x 710, 714 (10th Cir. 2004) (unpublished). The court may refuse leave to amend or supplement a complaint "because of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998).

In this case undue delay and futility demonstrate that the motion should be denied. First, the deadline for amended pleadings passed on October 13, 2008 (Dkt. No. 92). Mr. Pines was plainly aware of this claim before that deadline passed. The underlying events supporting his claim for injunctive relief were described in his original complaint. To the extent Mr. Pines argues that the Texas Order is a intervening event, that argument is without merit. The Texas

Order was issued on September 9, 2008, over a month before the deadline to amend the pleadings. Furthermore, the Texas Order has no relevance to Mr. Pines' case. Had Mr. Pines believed that such injunctive relief was warranted based on his complaint, he could have requested that relief at any time. That a different court, in an unrelated matter accepted a stipulated order granting such relief does not create an intervening event.

Second, the proposed amendment or supplement is properly rejected based on futility. As with the motion for a preliminary injunction, Mr. Pines seeks to have this court issue an order somehow enjoining a potential judgment in state court. As explained above, this court is without the power to do so and therefore cannot provide plaintiff with relief against the alleged harm. Furthermore, it is not clear what legal theory Mr. Pines is requesting injunctive relief under. The only possible interpretation is that EMC's actions in this case have somehow violated the Texas Order.[1] This alone, however, does not state a claim for which relief can be granted.

To the extent Mr. Pines seeks to add claims under the Fair Debt Collection Practices Act (FDCPA) that were previously dismissed by this court (Dkt. No. 85) he fails to explain how EMC meets the definition of "debt collector" as required by the Act. As explained in its previous order the complaint has no "allegations that could be read to infer that his loans were in default when EMC purchased them." (Dkt. No. 85 at 6) The court notes that Mr. Pines memorandum does not address the FDCPA claims. It does it explain why this repleading of these claims are timely, given that the claims were dismissed on July 22, 2008. (Dkt. No. 85) Nor does it address

---

[1] The court notes that Mr. Pines requests the enforcement of the Texas Order against all Defendants. Only Defendant EMC was a party to the Texas case. Enforcement of the order against the other Defendants would be particularly inappropriate.

the issues laid out in the previous order that caused this court to conclude Mr. Pines had failed to state a claim under the FDCPA.  The FDCPA claims are both untimely and futile.

As a result, the motion to supplement the complaint is DENIED.

### III.  Rule 11 Sanctions

Mr. Pines also moves for Federal Rule of Civil Procedure 11 sanctions against defense council for EMC , Cal-Western and Mr. Woodall.  He contends they are in violation of Rule 11 by filing papers asserting the right to foreclose on Mr. Pines' property.  In addition to sanctions, Mr. Pines asks this court to bar the defendants from submitting any pleading asserting Mr. Pines was in default on any loan.  He also seeks a ruling that would prevent the defendants, in the event they obtain a favorable state court judgment, from relying on such a judgment in this court.

Mr. Pines' motion is wholly without merit.  First, Mr. Pines did not give the Defendants twenty-one days to withdraw the offending pleadings before filing his motion with this court, as required by Fed. R. Civ. P. 11(c)(1)(A).  The "safe harbor" provision of Rule 11 requires that motions for sanctions "shall be served . . . but not filed with or presented to the court unless, within 21 days after service of the motion" the challenged pleadings or claims have not been "withdrawn or appropriately corrected."  Mr. Pines does not contest that he failed to comply with this requirement, but argues only that it would have been futile.  Compliance with the Federal Rules of Civil Procedure cannot be avoided simply by one party's assessment that compliance would be "a waste of time."  (Pl.'s Reply in Supp. of Rule 11 Sanctions at 10)  The motion should be denied on this ground alone.

Furthermore, a close reading of the motions and exhibits demonstrates that Defendants have engaged in no sanctionable conduct.  Mr. Pines did not provide any citations to pleadings

before this court in which the Defendants assert they have the right to foreclose on his property. Neither did the court's review of the record produce any such statements.  Rather, Defendant EMC has consistently argued only that they are pursuing a counterclaim in state court for costs associated with a foreclosure.  Defendant Cal-Western and Mr. Woodall have argued only that they opposed the dismissal of Mr. Pines' state court action.  The state court pleadings submitted by the Defendants fully support this contention.  In addition, to the extent that Mr. Pines asks this court to order that a valid state court judgment not be enforced, the court once again reminds Mr. Pines that it is without the power to do so.  The court also reminds Mr. Pines that any alleged sanctionable conduct that occurs in state court must be argued before that court.  This court will not and cannot oversee state court proceedings.

The Defendants have requested that the court impose sanctions on Mr. Pines for the cost of defending this motion.  While the court chooses not to impose such sanctions at this time, if Mr. Pines continues to file motions without proper argument and evidentiary support, the court will reconsider its decision with respect to future motions.

## CONCLUSION

This court is not the proper forum for relitigating state court proceedings.  Nor does this court have appellate review over state court decisions.  To the extent Mr. Pines believes fraud has been committed in Utah State Court, he must raise that issue with the Utah State Court. Furthermore, this court does not have the power to refuse to honor a state court decision nor can it enjoin the enforcement of such a decision.

**ORDER**

For the foregoing reasons Mr. Pines' Motion for Preliminary Injunction (Dkt. No. 109) is DENIED, Mr. Pines' Motion for Leave to File Proposed Supplemental Complaint (Dkt. No. 124) is DENIED, and Mr. Pines' Motion for Sanctions under Rule 11 (Dkt. No. 152) is DENIED.

DATED this 16th day of January, 2009.

BY THE COURT:

*[signature: Tena Campbell]*

TENA CAMPBELL
Chief Judge